UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELLIS DEES**  CIVIL NO. 11-0547

**VERSUS**

**UNITED RENTALS NORTH AMERICA, INC.**  SECTION: G

**ORDER AND REASONS**

Before the Court is Defendant United Rentals North America, Inc.'s ("Defendant") Motion for Summary Judgment, filed February 3, 2012.[1] Plaintiff Ellis Dees ("Plaintiff") filed his untimely[2] response in opposition on February 27, 2012.[3] Following leave of Court, Defendant filed its reply on March 1, 2012.[4] Having considered the motion, the untimely response, the reply, the record, and the applicable law, and accepting all facts alleged by Plaintiff as true for the purpose of deciding this motion, the Court finds that the pleadings and evidence demonstrate that no genuine dispute exists as to any material fact, and therefore the Court will grant Defendant's Motion for Summary Judgment.

**I. Background**

*A. Procedural Background*

Plaintiff filed his complaint in this action on March 9, 2011, alleging employment

---

[1] Rec. Doc. 31.

[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. This Court has authority to grant a motion as unopposed, although it is not required to do so. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 35.

[4] Rec. Doc. 39.

1

discrimination on the basis of race and age.[5] Plaintiff is an African-American male who was sixty-two (62) years old at the time that he was terminated by Defendant.[6] In his complaint, Plaintiff alleges merely that he was replaced by a white male under the age of 40 and that the stated reason for discharge, that Plaintiff was not satisfactorily performing his job, was pretext.[7] Plaintiff received a right to sue letter dated December 15, 2010 from the Equal Employment Opportunity Commission.[8] Defendant filed its answer to the complaint on May 12, 2011.[9] In its answer, Defendant asserts that Plaintiff was terminated because of unsatisfactory performance, and Defendant asserts a number of affirmative defenses.[10]

On February 3, 2012, Defendant filed this Motion for Summary Judgment.[11] In Defendant's Motion for Summary Judgment, Defendant argues: that Plaintiff testified that he has no evidence that he was discharged because of race or age; that Plaintiff was not qualified for his job; that Plaintiff cannot show that he was replaced by a person outside of the protected category or that Defendant treated similarly situated individuals more favorably; that the same individual was responsible for hiring and firing Plaintiff, indicating a lack of discrimination under the "same actor" inference; that Plaintiff cannot prevail on an age discrimination claim because he has asserted race as an alternative reason for discharge; and that the record shows that Plaintiff was discharged because of poor job

---

[5] Rec. Doc. 1.

[6] *Id*. at ¶ 3.

[7] *Id*. at ¶¶ 4-5.

[8] *Id*. at ¶ 2.

[9] Rec. Doc. 7.

[10] *Id*.

[11] Rec. Doc. 31.

performance.[12] Plaintiff's opposition, filed February 27, 2012, disputes that Plaintiff's job performance was unsatisfactory and that he was not qualified for his job.[13] Defendant filed its reply on March 1, 2012.[14]

**B. Factual Background**[15]

Defendant United Rentals "operates in the equipment rental industry."[16] Having previously worked for Defendant in California as a service technician, Defendant re-applied for employment at Defendant's branch location in Gulfport, Mississippi in October or November of 2006. Plaintiff was offered a job as a service technician for the St. Rose branch, and Branch Manager Mike Sauve made the decision to hire Plaintiff. Defendant asserts that Plaintiff's job performance was good for his first two years of employment, but that Plaintiff's attitude and job performance began to deteriorate beginning in 2009 and continuing into 2010. Defendant specifically notes several examples of Plaintiff's declining performance as a service technician; Plaintiff disputes the facts

---

[12] Rec. Doc. 31-1 at pp. 1-2.

[13] Rec. Doc. 35. Plaintiff argues that the specific events in question demonstrate that he was not unqualified, and Plaintiff even makes the inartful argument that "[a]s long as plaintiff had not been fired or demoted from his position he cannot be found unqualified," such that Plaintiff argues that he was obviously qualified because he was not fired sooner. *Id.* at p. 3.

[14] Rec. Doc. 39.

[15] These facts are taken primarily from Defendant's Statement of Undisputed Material Facts, Rec. Doc. 31-2, contained within Defendant's Motion for Summary Judgment, because the only facts provided by Plaintiff concern Plaintiff's version of a few specific incidents that resulted in discipline and eventual discharge. Additionally, Plaintiff did not contest the background facts contained in Defendant's Statement of Undisputed Material Facts. Under Federal Rule of Civil Procedure 56(e), the Court can consider these facts as undisputed for the purposes of this motion. Plaintiff's "Amended Statement of Controverting Facts," to the extent that they even meet the requirements of competent summary judgment evidence, which Defendants assert that they do not, can only be viewed as contesting the facts regarding individual incidents and whether Plaintiff's job performance was satisfactory. Specifically, Plaintiff failed to dispute that he received the verbal and written warnings and reprimands outlined by Defendants.

[16] Rec. Doc. 31-1 at p. 2.

performance.[12]  Plaintiff's opposition, filed February 27, 2012, disputes that Plaintiff's job performance was unsatisfactory and that he was not qualified for his job.[13]  Defendant filed its reply on March 1, 2012.[14]

**B. Factual Background**[15]

Defendant United Rentals "operates in the equipment rental industry."[16]  Having previously worked for Defendant in California as a service technician, Defendant re-applied for employment at Defendant's branch location in Gulfport, Mississippi in October or November of 2006.  Plaintiff was offered a job as a service technician for the St. Rose branch, and Branch Manager Mike Sauve made the decision to hire Plaintiff.  Defendant asserts that Plaintiff's job performance was good for his first two years of employment, but that Plaintiff's attitude and job performance began to deteriorate beginning in 2009 and continuing into 2010.  Defendant specifically notes several examples of Plaintiff's declining performance as a service technician; Plaintiff disputes the facts

---

[12] Rec. Doc. 31-1 at pp. 1-2.

[13] Rec. Doc. 35.  Plaintiff argues that the specific events in question demonstrate that he was not unqualified, and Plaintiff even makes the inartful argument that "[a]s long as plaintiff had not been fired or demoted from his position he cannot be found unqualified," such that Plaintiff argues that he was obviously qualified because he was not fired sooner.  *Id.* at p. 3.

[14] Rec. Doc. 39.

[15] These facts are taken primarily from Defendant's Statement of Undisputed Material Facts, Rec. Doc. 31-2, contained within Defendant's Motion for Summary Judgment, because the only facts provided by Plaintiff concern Plaintiff's version of a few specific incidents that resulted in discipline and eventual discharge. Additionally, Plaintiff did not contest the background facts contained in Defendant's Statement of Undisputed Material Facts.  Under Federal Rule of Civil Procedure 56(e), the Court can consider these facts as undisputed for the purposes of this motion.  Plaintiff's "Amended Statement of Controverting Facts," to the extent that they even meet the requirements of competent summary judgment evidence, which Defendants assert that they do not, can only be viewed as contesting the facts regarding individual incidents and whether Plaintiff's job performance was satisfactory.  Specifically, Plaintiff failed to dispute that he received the verbal and written warnings and reprimands outlined by Defendants.

[16] Rec. Doc. 31-1 at p. 2.

surrounding these incidents.

Defendant asserts that "numerous attempts to coach Plaintiff on his performance issues" were made, that these job performance issues were also raised in Plaintiff's 2009 mid-year performance review, and that written warnings were issued in August 2009, October 2009, February 2010, and March 2010. Defendant further states that these issues were again raised in Plaintiff's 2009 full-year performance review. Thereafter, Defendant issued a "final written warning" to Plaintiff on March 4, 2010, advising Plaintiff that "the next incident will result in immediate termination."[17] Following another incident, Sauve recommended discharge of Plaintiff to the Human Resources manager, who confirmed that it was appropriate. Sauve and Lee Vincent, Plaintiff's immediate supervisor, informed Plaintiff of his discharge on March 10, 2010. Plaintiff has not disputed these facts concerning warnings, reprimands, and eventual termination, nor has Plaintiff disputed the evidence provided by Defendant as exhibits to its motion for summary judgment, which memorialize various disciplinary notices and performance evaluations issued to Plaintiff.

Although Plaintiff's opposition to the Motion for Summary Judgment specifically alleges facts that call into question whether Plaintiff's job performance was unsatisfactory, *nowhere* in Plaintiff's complaint or his opposition to the motion does Plaintiff allege any facts regarding discrimination of any kind.

## II. Law and Analysis

### A. *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(a), when the pleadings and evidence demonstrate

---

[17] *Id.* at p. 6.

that no genuine dispute exists as to any material fact, the moving party is entitled to judgment as a matter of law, and summary judgment should be granted.[18]  Only if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party is the dispute "genuine."[19]  In determining if a dispute exists such that a jury could return a verdict in favor of the nonmoving party, the court is not to "make credibility determinations or weigh the evidence."[20]  Instead, the court must view the evidence in the light most favorable to the nonmoving party.[21]

The moving party first carries the burden to show that there is no genuine dispute as to any material fact, and when the moving party has done so, the burden shifts to the nonmovant, who must introduce specific facts or produce evidence that shows the existence of a genuine dispute regarding a material fact.[22]  At that time, the nonmovant must come forward with competent summary-judgment proof of the existence of a genuine dispute regarding a material fact.[23]  However, mere conclusory allegations are not competent summary-judgment proof, and are therefore insufficient

---

[18] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  *See also Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc) ("If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[] is proper.").

[20] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55. *See also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (stating that the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence").

[21] *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 679 (5th Cir. 2011).

[22] Fed. R. Civ. P. 56(e).  *See also Celotex*, 477 U.S. at 322-23.

[23] *Matsushita*, 475 U.S. at 586.

to defeat a motion for summary judgment.[24] Likewise, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment proof.[25] Instead, the party opposing summary judgment must identify specific evidence in the record[26] and articulate the precise manner in which that evidence supports his claim.[27] Federal Rule of Civil Procedure 56 does not impose on the court a duty to "sift through the record in search of evidence" to support the nonmovant's opposition[28]; the burden to identify such evidence remains wholly on the nonmovant.[29]

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[30] The court need not consider disputed fact issues which are "irrelevant and unnecessary."[31] If the nonmovant fails to make a showing sufficient to establish the existence of a factual dispute regarding an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.[32]

---

[24] *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

[25] *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

[26] Fed. R. Civ. P. 56(c); *Ragas*, 136 F.3d at 458.

[27] *Celotex*, 477 U.S. at 324; *Ragas*, 136 F.3d at 458; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[28] *Ragas*, 136 F.3d at 458. *See also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992).

[29] *Ragas*, 136 F.3d at 458.

[30] *Anderson*, 477 U.S. at 248.

[31] *Id.*

[32] *Celotex*, 477 U.S. at 322-23.

## B. *Employment Discrimination*

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating based on sex, race, color, religion, and national origin in employment decisions, including firing.[33] Similarly, the Age Discrimination in Employment Act of 1967 ("ADEA")[34] prohibits discrimination based on age. Specifically, the ADEA prohibits discrimination based on age where the individual is at least 40 years of age,[35] such that it "shall be unlawful" for an employer, among other things, "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[36]

In *McDonnell Douglas Corporation v. Green*, the Supreme Court set out a three-part burden shifting scheme for employment discrimination claims, the first step of which requires the plaintiff to set out a prima facie case of employment discrimination.[37] To establish a prima facie case of employment discrimination under Title VII, the plaintiff must allege:

(1) membership in a protected group,
(2) qualification for the position in question,
(3) an adverse employment action, and
(4) circumstances that support an inference of discrimination.[38]

---

[33] 42 U.S.C. § 2000e *et seq.*, as amended.

[34] 29 U.S.C. § 621 *et seq.*

[35] 29 U.S.C. § 631(a).

[36] 29 U.S.C. § 623(a). The ADEA does provide a few limited exceptions (e.g., "bona fide executive or high policymaking" positions, firefighters, and law enforcement officers), none of which are relevant here. 29 U.S.C. § 623.

[37] 411 U.S. 792 (1973).

[38] *See* 4-76 Employment Discrimination § 76.04.

Similarly, to establish a prima facie case of employment discrimination under the ADEA, the plaintiff must allege:

> (1) membership within the protected class at the time of the adverse employment action,
> (2) qualification for the position,
> (3) discharge or other adverse employment action, and
> (4) replacement by someone outside the protected class, replacement by someone younger, or otherwise discriminated against because of age.[39]

Under both Title VII and the ADEA, once the plaintiff establishes its prima facie case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action.[40] The defendant must point to admissible evidence in the record,[41] but the burden is one of production, not persuasion.[42] The defendant is not required to show that the employment decision was proper, only that it was non-retaliatory.[43] "[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason" for adverse employment action.[44] In fact, at this stage, the employer may succeed by proving that it

---

[39] *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).

[40] *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893 (5th Cir. 2002) (Title VII); *Rachid*, 376 F.3d at 312 (ADEA).

[41] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981).

[42] *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

[43] *LeMaire v. La. Dep't of Transportation & Development*, 480 F.3d 383, 390 (5th Cir. 2007). *See also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive.").

[44] *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991).

would have taken the same action even had it not considered the unlawful factor.[45]

Once the employer has offered a legitimate, nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff. Under Title VII, the plaintiff must produce evidence that the employer's stated reason is merely pretext to cover up unlawful discrimination.[46] Under the ADEA, "the plaintiff must [] offer sufficient evidence to create a genuine issue of material fact 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive alternative).'"[47] To show pretext, the plaintiff must either show disparate treatment or show that the proffered explanation is false or unworthy of credence.[48] To succeed at this third stage, under both Title VII and the ADEA, a plaintiff "must do more than just dispute the underlying facts and argue that [the employer] made the wrong decision . . . ."[49] "Merely disagreeing with an employer's negative performance assessment is insufficient," and a plaintiff cannot survive summary judgment without an actual

---

[45] *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Rachid*, 376 F.3d at 309, 311 (finding that a plaintiff can employ a mixed motives analysis, in which discrimination need not be the sole reason for discharge, in an employment discrimination action brought under the ADEA even when the plaintiff lacks direct evidence of discrimination).

[46] *Id.*

[47] *Rachid*, 376 F.3d at 312 (quoting *Rishel v. Nationwide Mut. Ins. Co.*, 297 F.Supp.2d 854, 865 (M.D.N.C. 2003) (noting that courts only need to modify the final stage of the *McDonnell Douglas* framework to accommodate the mixed motives framework, by framing the final stage "in terms of whether the plaintiff can meet his or her 'ultimate burden' to prove intentional discrimination, rather than in terms of whether the plaintiff can prove 'pretext'") (quoting *Dunbar v. Pepsi-Cola Gen. Bottlers of Iowa, Inc.*, 285 F.Supp.2d 1180, 1197-98 (N.D. Iowa 2003))).

[48] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378-79 (5th Cir. 2010).

[49] *LaMaire*, 480 F.3d at 391

showing that the adverse employment action was the result of discrimination.[50]

*C. Analysis*

Here, Plaintiff must first establish a prima facie case of discrimination under Title VII and under the ADEA. Plaintiff has certainly alleged that he is a member of groups protected by these statutes, as Plaintiff has alleged that he is African-American and over the age of forty. Likewise, Plaintiff has alleged an adverse employment action in that he was terminated. However, the Court finds it is less clear that Plaintiff has met the other two elements of his prima facie burden to show discrimination under either Title VII or under the ADEA. Nonetheless, at this time, the Court will assume without deciding that Plaintiff has met his prima facie burden, given that the remainder of the analysis is dispositive that Plaintiff has not established an employment discrimination claim here.

Given the Court's assumption that Plaintiff has established his prima facie cases of discrimination, the burden shifts to Defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action.[51] Here, Defendant has provided ample evidence to support its claim that Plaintiff was terminated for unsatisfactory job performance. Defendant points to repeated warnings given to Plaintiff, both verbal and written, culminating in a final written warning that informed Plaintiff that an additional incident would result in discharge. Defendant has attached as exhibits to its motion not only sworn affidavits attesting to these facts, but also copies of disciplinary notices issued to Plaintiff and performance evaluations of Plaintiff's work, including the March 4

---

[50] *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408 (5th Cir. 1999). *See also Republic Ref. Co.*, 924 F.2d 93, 97; *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983).

[51] *See Sandstad*, 309 F.3d at 893 (Title VII); *Rachid*, 376 F.3d at 312 (ADEA).

notice stating that it was the "final written warning" and that "the next incident will result in immediate termination."[52] Following an additional incident, Plaintiff was discharged. Defendant is not required to prove that it made the correct decision in determining that Plaintiff's job performance was unsatisfactory; again, even an incorrect belief that Plaintiff's performance was unsatisfactory is a legitimate reason for termination.[53] The Court finds that Defendant has presented ample evidence such that a reasonable person could find that Plaintiff was terminated due to unsatisfactory job performance, and Defendant has carried its burden to prove the existence of a legitimate and non-retaliatory reason for Plaintiff's termination.

Accordingly, the burden shifts back to Plaintiff to produce evidence of pretext or evidence that demonstrates that discrimination was a motivating factor in Defendant's decision to terminate Plaintiff's employment. This requires Plaintiff to do "more than just dispute the underlying facts and argue that [the employer] made the wrong decision . . . ."[54] Although the Court considers facts in the light most favorable to the non-moving party, Plaintiff has provided no facts regarding any discriminatory conduct, and conclusory allegations do not suffice. Plaintiff has done nothing more than (1) state in a conclusory manner that he was discriminated against and (2) dispute the underlying facts regarding his termination by attempting to prove that his employer made the wrong decision in firing him. Again, Plaintiff's opposition is composed entirely of arguments regarding whether Plaintiff's job performance was satisfactory. Plaintiff does not provide evidence of discriminatory conduct, nor does he even allege, other than in conclusory fashion, that discriminatory

---

[52] Rec. Doc. 31-4 at p. 59.

[53] *Republic Ref. Co.*, 924 F.2d at 97.

[54] *LaMaire*, 480 F.3d at 391.

11

conduct occurred; therefore, Plaintiff provides no evidence that Defendant's explanation was pretext or that discrimination was a motive for discharge.

The law in the Fifth Circuit is clear, and Plaintiff cannot survive a motion for summary judgment solely by disagreeing with his employer's negative performance assessment,[55] which is all Plaintiff has done here. Therefore, as a matter of law, Plaintiff's claim fails.

### III.  Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[56] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this   29th   day of March, 2012.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[55] *Shackelford*, 190 F.3d at 408.  *See also Republic Ref. Co.*, 924 F.2d at 97; *Elliott*, 714 F.2d at 567.

[56] Rec. Doc. 31.